996 F.2d 310
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry D. BOGARD, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION; Bureau of Prisons,
Respondents-Appellees.
 No. 93-6139.
 United States Court of Appeals, Tenth Circuit.
 June 7, 1993.
 
 Before McKAY, Chief Judge, ANDERSON, and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 Petitioner Larry D. Bogard appeals an order of the district court dismissing his petition for a writ of habeas corpus. Respondents filed a motion to dismiss this appeal as untimely.
 
 
 2
 The district court entered its order February 3, 1993. Pursuant to Fed.R.Civ.P. 4(a)(1), petitioner had sixty days within which to file his notice of appeal, or until April 3. Petitioner apparently placed his notice of appeal in the prison mail April 8, 1993. See Houston v. Lack, 487 U.S. 266, 276 (1988). This appeal is untimely, and we lack jurisdiction.
 
 
 3
 Petitioner stated in his notice of appeal he did not receive a copy of the district court's order until April 7, after the time for filing a notice of appeal had expired. Because, by proffering an excuse, petitioner appeared to recognize he had a timeliness problem, we liberally construe the notice of appeal as a motion to reopen the time for appeal pursuant to Rule 4(a)(6). See Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 
 4
 The appeal is DISMISSED and the case is REMANDED to the district court. The court is directed to determine whether the time period for filing a notice of appeal should be reopened for fourteen days pursuant to Rule 4(a)(6).
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3